OPINION
{¶ 1} Defendant, Zuri Taylor, appeals from his convictions and sentences for several violations of Dayton traffic ordinances, which were entered on his pleas of no contest after the trial court denied Taylor's motion to suppress evidence.
 ASSIGNMENT OF ERROR {¶ 2} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS EVIDENCE DERIVED FROM THE ILLEGAL STOP OF THE AUTOMOBILE APPELLANT WAS DRIVING."
 {¶ 3} Taylor was stopped by Dayton Police Officer Chris Fischer, who testified at the suppression hearing that he stopped Taylor's vehicle after he observed it execute a turn at an intersection without the required signal having been given. Taylor testified that he gave the signal.
 {¶ 4} Taylor's convictions derive from the stop. Taylor challenges the officer's grounds for the stop, which are those approved in Daytonv. Erickson, 76 Ohio St.3d 3, 1996-Ohio-431. Taylor doesn't claim the standard is inapplicable. Instead, he argues that the trial court erred when it elected to believe the officer's version of events, and by implication rejected Taylor's version, to overrule his motion to suppress. Taylor also seems to suggest that, at least according to his version, the evidence was insufficient to convict.
 {¶ 5} Credibility of the witnesses and the weight to be given their testimony are matters for the trier of facts to determine. Statev. Dehass (1967), 10 Ohio St.2d 230. We are bound by those findings when facts are in conflict, unless the choice the court made is so incredible that it defies belief. State v. Morgan (July 12, 2002), Montgomery App. No. 19033, 2002-Ohio-3567. We cannot make that finding here.
 {¶ 6} The assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, P.J. and FAIN, J., concur.